# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**STEVEN MEYERS,**
**Claimant Below, Petitioner**


**vs.)   No. 12-1235** (BOR Appeal No. 2047026)
                        (Claim No. 2009091931)


**UNITED DAIRY, INC.,**
**Employer, Respondent**


## MEMORANDUM DECISION

Petitioner Steven Meyers, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Dairy, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 22, 2010, decision granting Mr. Meyers a 13% permanent partial disability award for his lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Meyers worked as a truck driver for United Dairy, Inc. On May 15, 2009, Mr. Meyers twisted his lower back when he caught himself while falling off a truck. He was initially treated at Jackson Memorial Hospital for low back and right leg pain. The claims administrator held the claim compensable, but Mr. Meyers's lower back pain gradually grew worse. Mr. Meyers then came under the care of Panos Ignatiadis, M.D., who performed an MRI of his back which revealed a herniation of the L4-5 disc. Dr. Ignatiadis then performed a L4-5 microdiscectomy to repair the herniated disc. Following this course of treatment, Paul Bachwitt,

1

M.D., performed an independent medical evaluation on Mr. Meyers and found that he had reached the maximum degree of medical improvement. Dr. Bachwitt found that Mr. Meyers had 15% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for his surgically repaired disc and range of motion deficits. Dr. Bachwitt then adjusted this rating to 13% whole person impairment to fit within Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006). On December 22, 2010, the claims administrator granted Mr. Meyers a 13% permanent partial disability award based on Dr. Bachwitt's recommendation. Bruce A. Guberman, M.D., evaluated Mr. Meyers and found 13% whole person impairment for his lumbar spine. Dr. Guberman, however, noted that Mr. Meyers had complaints of mid back pain and found 4% impairment under the American Medical Association's *Guides* for loss of range of motion in his thoracic spine. Dr. Guberman then adjusted this rating to 5% whole person impairment to fit within Thoracic Category II of West Virginia Code of State Rules § 85-20-D (2006). Dr. Guberman combined Mr. Meyers's lumbar and thoracic impairment and found that he had 17% whole person impairment related to his compensable injury. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Meyers and determined that he had 13% whole person impairment relating to his lumbar spine. Dr. Mukkamala found that Mr. Meyers had no impairment related to this compensable injury for his thoracic spine. There was no indication in Mr. Meyers's treatment records, according to Dr. Mukkamala, that he had injured his thoracic spine in relation to his compensable injury. On February 22, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on September 21, 2012, leading Mr. Meyers to appeal.

The Office of Judges concluded that Mr. Meyers's impairment for the compensable May 15, 2009, injury related only to his lumbar spine. The Office of Judges then concluded that Mr. Meyers was entitled to a 13% permanent partial disability award for his compensable injury. Dr. Bachwitt, Dr. Guberman, and Dr. Mukkamala agreed that Mr. Meyers had incurred 13% whole person impairment relating to his lumbar spine. The only material variance in the impairment evaluations, according to the Office of Judges, was that Dr. Guberman found impairment for Mr. Meyers's thoracic spine and attributed it to the compensable injury. The Office of Judges, however, found that there was no evidence that Mr. Meyers had received treatment for an injury to his thoracic spine. The Office of Judges also found that Mr. Meyers's initial complaints were exclusively related to his lumbar spine and that his treatment records immediately following the injury did not contain any reference to his thoracic spine. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Meyers has not demonstrated that he is entitled to a greater than 13% permanent partial disability award relating to his May 15, 2009, injury. The three impairment evaluations in the record consistently show that Mr. Meyers has 13% whole person impairment relating to his lumbar spine. Mr. Meyers has not demonstrated that his thoracic spine is a compensable condition of the claim and has not demonstrated that he is entitled to any additional award relating to this injury. The initial treatment records in this case show that Mr. Meyers's complaints related to his lumbar sprain, and there is no objective medical evidence indicating that he sustained a thoracic injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II